# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT



2004 OCT -4  P 4: 11

U.S. DISTRICT COURT

## COMPLAINT FORM

Mary Teresa Kelly
_____

_____

**Full name(s) of Plaintiff(s) /Petitioner**
**(Do not use *et al.*)**

Case No. **304CV1665** !MRK
(To be supplied by the Court)

v.

John Ashcroft
Charles Lippon
Harrel Watts
D. Scott Dodrill
Kuma Deboo
William Willingham
Louise Tolworthy
William Palmer
Elizabeth Ferris
Jennifer Bidwell

COMPLAINT PURSUANT
TO 28 U.S.C. § 1331

_____

**Full names of Defendant(s) /Respondant**
**(Do not use *et al.*)**

## A. PARTIES

1. Mary Teresa Kelly _____ is a citizen of ____ Europe _____ who
   (Plaintiff)                                      (State)
presently resides at FCI, Route 37, Danbury, Connecticut 06811 ____.
                        (mailing address or place of confinement)
If plaintiff is incarcerated, provide inmate number: 02476-049 _____.

2. Defendant John Ashcroft _____ is a citizen of America
   (name of first defendant)                       (State)
whose address is United States Justice Department _____.
     950 Pennsylvania Avenue, N.W. Washington, DC 20530

3. Defendant <u>Charles Lippon</u>                    is a citizen of <u>America</u>
        (name of second defendant)              (State)

whose address is <u>Federal Bureau of Prisons</u>
            320 1st Street, N.W. Washington, DC 20534

(If more space is needed to furnish the above information for additional defendants, continue on a blank sheet which you should label "A. PARTIES." Be sure to include each defendant's identity and complete address.)

## B. JURISDICTION

4. The jurisdiction of this court is invoked pursuant to: (list statute(s))

| | |
|---|---|
| 28 U.S.C. § 2241(c)(3) | 28 U.S.C. 1343(4) |
| 28 U.S.C. § 1331 | Supporting Law 18 U.S.C. 3624(b) |

## C. NATURE OF THE CASE / STATEMENT OF FACTS

**BRIEFLY** state the background of your case.

- Plaintiff was sentenced to a 51 month term of imprisonment by the United States District Court Judge Paul Barbadoro in Concord, New Hampshire on December 14th, 2001 - Case Number 99-138-01-B

- Plaintiff's term of imprisonment was amended to 41 months by the United States District Court Judge Paul Barbadoro in Concord, New Hampshire on December 9th, 2002 pursuant to Rule 35(b).

- The Federal Bureau of Prisons has calculated Petitioner's good conduct time to be 160 days per their "eight step" calculation formula which is not referenced in 18 U.S.C. § 3624(b).

- Petitioner's good conduct time should be 185 days plus an additional day for the 2004 leap year - 186 days total.

- Plaintiff is denied a total of 26 days good conduct time by the Federal Bureau of Prisons and its agents through their interpretation of 18 U.S.C. § 3624(b) which is in violation of the intent of United States Congress of allowing 54 days pery year on term of imprisonment as the issue in Plaintiff's case at bar.

2

4. Defendant __Harrel Watts_____ is a citizen of __America__
whose address is __Federal Bureau of Prisons__
               320 1st Street, N.W. Washington, DC 20534

5. Defendant __D. Scott Dodrill_____ is a citizen of __America__
whose address is __Federal Bureau of Prisons__
               2nd and Chestnut Streets, Philadelphia, PA 19106

6. Defendant __Kuma Deboo_____ is a citizen of __America__
whose address is _____

7. Defendant __William Willingham__ is a citizen of __America__
whose address is __FCI, Route 37, Danbury, CT 06811__

8. Defendant __Louise Tolworthy__ is a citizen of __America__
whose address is __FCI, Route 37, Danbury, CT 06811__

9. Defendant __William Palmer_____ is a citizen of __America__
whose address is __FCI, Route 37, Danbury, CT 06811__

10. Defendant __Elizabeth Ferris__ is a citizen of __America__
whose address is __FCI, Route 37, Danbury, CT 06811__

11. Defendant __Jennifer Bidwell__ is a citizen of __America__
whose address is __FCI, Route 37, Danbury, CT 06811__

"A. PARTIES"

Constitution and the laws of the United States. The language of
the United States Congress is easily applied by prorating the good
time conduct over the term of imprisonment (eg. 54 days on 1 year, 27
days for 6 months, 9 days for 2 months, 4½ days for 1 month). The
proration is subject to a simple mathematical formula which Congress
specifically directed that the proration be based on the "term of
imprisonment" imposed by the court and not on time served as is
applied by the Bureau of Prisons. The Bureau of Prison's "eight
step" method by which their calculations and prorations are
computed have no basis in 18 U.S.C. § 3624(b).

## E. REQUEST FOR RELIEF

5.     WHEREFORE, plaintiff demands: (state the relief you seek)

The Federal Bureau of Prisons and its agents failed to grant full
good conduct time credit on Plaintiff's term of imprisonment thus
depriving Plaintiff of 26 days of freedom in violation of the United
States Constitution and 18 U.S.C. § 3624(b).

        26 days @ $5,000.00 per day        $130,000.00

Plaintiff is holding John Ashcroft, Charles Lippon, Harrel Watts,
D. Scott Dodrill, Kuma Deboo, William Willingham, Louise Tolworthy,
William Palmer, Elizabeth Ferris and Jennifer Bidwell separately
and individually responsible for Plaintiff's illegal 26 day
detention @ $100,000.00 each.

        Punitive Damages $1,000,000.00

**F. JURY DEMAND**

6.      Do you wish to have a jury trial? Yes _XXX_     No _____

_____          _Mary Teresa Kelly_
Original signature of attorney (if any)          Plaintiff's Original Signature

_____          Mary Teresa Kelly
Printed Name                                     Printed Name

_____          02476-049
                                                  _____
_____          FCI, Route 37, Danbury, CT 06811

(   )                                             (   )
_____          _____
Attorney's full address and telephone          Plaintiff's full address and telephone

_____          _____
Email address if available                      Email address if available

# DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at _FCI, Danbury, CT 06811_ on _September 30th, 2004_.
                        (location)                              (date)

_Mary Teresa Kelly_
Plaintiff's Original Signature

(Rev.8/25/04)

ADDENDUM TO PETITIONER'S
28 U.S.C. § 1331 PETITION

## PRELIMINARY STATEMENT

1.1    The Petitioner is a federal prisioner at FCI, Route 37, Danbury,
Connecticut 06811 whose statutory and due process rights have been
violated by the Federal Bureau of Prisons' misinterpretation of 18
U.S.C. § 3624(b) which deprived her of eligibility for 54 days of good
time credit for each year of her term of imprisonment to which she is
statutorily entitled.

## JURISDICTION

2.1    This Court has jurisdiction over this action pursuant to 28 U.S.C.
§ 2241 because the Petitioner's term in federal custody has been
determined in violation of the Constitution of the United States and the
laws of the United States.

2.2    The Petitioner invokes the jurisdiction of this Court pursuant to
28 U.S.C. § 1331 in that the action arises out of the Constitution and
the laws of the United States and seeks corrective action/monetary
compensation from agents and employees of the United States in their
official capacity.

2.3    The Petitioner also invokes the jurisdiction of this Court pursuant
to 28 U.S.C. § 1343(4) in that the Petitioner seeks to redress
deprivation of rights guaranteed by both the United States Constitution
and federal statutes.

## PARTIES

3.1    The Petitioner is presently confined at FCI, Route 37, Danbury,
Connecticut 06811 pursuant to the judgement of the United States District
Court for the District of New Hampshire.

3.2    William Willingham is the Warden of FCI Danbury and Kuma Deboo was
the former Warden and through the Bureau of Prisons, an agenct of the
United States Department of Justice, is responsible for the Petitioner's
custody and calculation of her term of confinement.

1

STATEMENT OF FACTS

4.1    On December 14th, 2001, the Honourable Chief Judge Paul Barbadoro,
District Court Judge for the District of New Hampshire, sentenced the
Petitioner to a term of imprisonment of 51 months, upon her conviction
of violation of 8 U.S.C. § 1326 in UNITED STATES OF AMERICA v MARY
TERESA KELLY Case Number 99-138-01-R.  Petitioner's term of imprisonment
was amended to 41 months on December 9th, 2002 at the same Court, by the
same Judge pursuant to Rule 35(b).

4.2    Mary Teresa Kelly has been custody in connection with this offense
since October 12th, 2001.

4.3    18 U.S.C. § 3624(b) provides that "a prisoner who is serving a term
of imprisonment of more than 1 year....may receive credit toward the
service of the prisoner's sentence....of up to 54 days at the end of each
year of the prisoner's term of imprisonment".

4.4    Under the Bureau of Prison's policy, the maximum allowable good
time credit that can be awarded to a prisoner sentenced to a year and a
day is approximately 47 days because the Bureau of Prison bases its
calculations on the actual time in prison rather than the sentenced
imposed as set out in Programme Statement 5660.28 (June 20th, 1997).

4.5    The Bureau of Prison's has calculated Mary Teresa Kelly's sentence
according to Programme Statement 5880.28 to reflect a potential award of
160 days of good time credit, and projected her release date as October
1st, 2004.

4.6    Were Mary Teresa Kelly granted relief she should have earned 186
days of good time credit as provided in 18 U.S.C. § 3624(b), rather than
the 160 days provided for under the Bureau of Prison'd policy.


STATEMANT OF LAW

5.1    Mary Teresa Kelly having been sentenced to a term of imprisonment
of 41 months is entitled under 18 U.S.C. § 3624(b) to earn 185 days plus
1 additional day for leap year 2004.

5.2    Mary Teresa Kelly is statutorily entitled to earn 54 days of
credit for each year of her term of imprisonment because the plain

language of the statute provides that "a prisoner who is serving a term
of imprisonment of more than 1 year....may receive credit toward the
service of the prisoner's sentence....of up to 54 days at the end of each
year of the prisoner's term of imprisonment" - 18 U.S.C. § 3624(b).

5.3    The Bureau of Prison's interpretation is contrary to the
unambiguous intent  of  Congress that prisoner's are eligible to earn 54
days for each year of the term of imprisonment.  Chevron U.S.A. v Natural
Resources Defence Council 467 U.S. 837, 842-43 (1984), United States v
LaBonte 520 U.S. 751, 762 n.6 (1997).

5.4    Even if the statute were ambiguous, the Bureau of Prison's
interpretation is not entitled to deference because the rule of lenity
must be used in construing an ambiguous penal statute.  Bifulco v United
States 447 U.S. 381, 387 (1980).

5.5    The conduct of the United States Justice Department under the
directorship of John Ashcroft together with the Bureau of Prison's under
the direction of Charles Lippon and his agents in promulgating a policy
denying Mary Teresa Kelly's eligibility for to earn the statutory
maximum credit of 54 days and barring good time of no more than 47 days
deprived her of rights conferred by 18 U.S.C. § 3624(b), as well as the
Equal Protection and Due Process of the Fifth Amendment.


Respectfully Submitted this 30th day of September 2004.


Mary Teresa Kelly

3

## D. CAUSE OF ACTION

I allege that the following of my constitutional rights, privileges, or immunities or my rights under a federal statute have been violated and that the following facts form the basis of my allegations:  (If more space is needed to explain any allegation or to list additional supporting facts, continue on a blank sheet which you should label "D. CAUSE OF ACTION.")

**Claim I:**  The Federal Bureau of Prisons refused to comply with Congress' intent pursuant to 18 U.S.C. § 3624(b)

Supporting Facts: (Include all facts you consider important, including names of persons involved, places, and dates.  Describe exactly how each defendant is involved.  State the facts clearly in your own words without citing legal authority or argument.)

Plaintiff submitted BP8½, BP9, BP10 and BP11 as per Bureau of Prisons internal grievance procedures.  All of Plaintiff's grievances were denied regarding good conduct time computation.

- 8½ submitted on June 10th, 2004 to A. Mancuso - denied on June 15th, 2004

- 2nd cop-out (PP-148.070) dated July 16th, 2004 submitted to records - denied July 20th, 2004

- BP9 submitted on June 15th, 2004 to K. Deboo - denied June 29th, 2004

- BP10 submitted on July 12th, 2004 to Bureau of Prisons, Regional Director - denied August 9th, 2004

**Claim II:**  The Federal Bureau of Prisons violated the United States Constitution and the laws of the United States therefore depriving Plaintiff's rights under the United States Constitution and the laws of the United States

Supporting Facts:

The Federal Bureau of Prisons has adopted its own method of good time conduct calculation in violation of the United States

3

Claim I: <u>continued</u>

- BP 11 submitted on August 17th, 2004 to Bureau of Prisons,
  National Inmate Appeals - denied September 2nd, 2004

"D. CAUSE OF ACTION"

June 10th, 2004

Attachment 1

# ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES
## INFORMAL RESOLUTION FORM

**NOTICE TO INMATE**: You are advised that prior to receiving and filing a Request for Administrative Remedy Form, you **MUST** attempt to informally resolve the complaint through your Correctional Counselor. Briefly state complaint below and list what efforts you have made to resolve your complaint informally. Also, please state names of staff contacted.

Date Informal Resolution Form Issued by Correctional Counselor: _____ADM    10 Jun 04_____

INMATE'S NAME: _MARY KELLY_   NUMBER: _02476-049_   QUARTERS: _8H_

1. Complaint: _My good time has been calculated to be 160 days. On 41 months sentence @ 54 days per year it should be 185 days. Based on the attached Case good time shall be calculated on sentence imposed not time served_

2. Efforts made to informally resolve: _____

_____

3. Names of Staff contacted: _Discussed with Mr. Mancuso_

Inmate's Signature: _Mary Kelly_     Inmate's Number _02476-049_

## CORRECTIONAL COUNSELOR'S COMMENTS:

1. Date Returned to Correctional Counselor: _ADM  11 Jun 04_

2. Efforts made to informally resolve: _____**SEE ATTACHED RESPONSE**_____

3. Names of Staff contacted: _L Tolworthy  ISM_

Date Informally Resolved: _____ Signature: _____
**Or**
Date Issued: _15 Jun 04_          **(Counselor)**

**Distribution: I.**    If complaint is informally resolved, forward original to Warden (Attention: **PARALEGAL SPECIALIST**)

**II.**    If complaint is NOT informally resolved, forward original attached to Administrative Remedy Form to Warden (Attention: **PARALEGAL SPECIALIST**)

Recd 15/6/2004
Wrote 9 15/6/2004
Habeas Corpus 14/6/2004 - New Haven

Respondent notes that § 3624(b) has a similar provision that an inmate "may" receive up to 54 days of credit for each year of the term of imprisonment.

Respondent confuses two very different issues. There is no question that the bureau has discretion to deny good conduct time when it concludes that the inmate's behavior does not warrant it. Petitioner acknowledges that discretion. He is not challenging the bureau's decision to disallow 10 days of good conduct time after he was found guilty of a rule violation. However, discretion in granting good conduct time does not translate into discretion for choosing the method for calculating good conduct time. The statute does not say that the bureau "may" calculate good conduct time in any way it wants. Rather, the statute uses the phrase "term of imprisonment" as the basis on which good conduct time must be calculated.

As noted above, an agency does not have discretion to interpret a statute that is unambiguous. Because I have concluded that Congress had the unambiguous intent to define the phrase "term of imprisonment" to mean "sentence imposed," I conclude that the bureau did not have authority to promulgate a regulation that uses "time served" as the basis for the calculation.

The petition must be granted.

## ORDER

IT IS ORDERED that petitioner Yancey White's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is GRANTED. Respondent Joseph Scibana is directed to recalculate petitioner's good conduct time on the basis of Each year of his sentence rather than on time actually served.

Entered this 23rd day of April, 2004.

BY THE COURT:

BARBARA B. CRABB

District Judge

[1] In his petition, petitioner identifies the respondent as "Warden Scibana." It has come to my attention that respondent's full name is "Joseph Scibana." I have corrected the caption accordingly.

United States District Court
Western District of Wisconsin
Yancey L. White
    Petitioner
                        Order # 03-C-581-C
                        Entered 23rd of April, 2004
Joseph Scibana
    Respondent (Warden)

Informal Resolution Response
KELLY, Mary  Reg No. 02476-049

This is in response to your Informal Resolution, issued 10 June 2004, and returned on 10 June 2004.  In your written request, you state your good time has been calculated to be 160 days.  On a 41 month sentence at 54 days per year it should be 185 days.  Based upon the attached case, good time shall be calculated on sentence imposed, not time served.

I addressed your concerns to the Inmate Systems Manager.  In accordance with Program Statement 5880.28, Sentence Computation Manual CCCA, 54 days of Good Conduct Time (GCT) may be earned for each full year served on a sentence in excess of one year.  GCT is then prorated for any remaining portion of a year.  This policy interprets and applies the statutory requirements set forth in Title 18, United States Code 3624 (b).

I trust this response addresses your concerns.


_____                    ___15 Jun 04___
A.D. Mancuso                                                    Date
Correctional Counselor

BP-S148.055 **INMATE REQUEST TO STAFF** CDFRM
SEP 98
**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

*2nd Request*

| TO: (Name and Title of Staff Member) RECORDS | DATE: July 16th 2004 |
|---|---|
| FROM: MARY KELLY | REGISTER NO.: 02476-049 |
| WORK ASSIGNMENT: Yard - Trash Call 8:30am | UNIT: 8H |

SUBJECT: (Briefly state your question or concern and the solution you are requesting.
Continue on back, if necessary.  Your failure to be specific may result in no action being
taken.  If necessary, you will be interviewed in order to successfully respond to your
request.)

Why GCT has been calculated to be 160 days
On a 41 month sentence @ 54 days per
year (4½ days per month), on sentence
imposed, it should be 185 days + 1 day
for leap year (2004) — a total of 26 days
shorted by BOP.

*Mary Kelly*

(Do not write below this line)

DISPOSITION:

In accordance with Program Statement 5880.28, <u>Sentence Computation Manual CCCA</u>, 54 days
of Good Conduct Time (GCT) may be earned for each full year served on a sentence in excess of
one year.  GCT is then prorated for any remaining portion of a year.  This policy  interprets and
applies the statutory requirements set forth in Title 18, United States Code 3624(b). Therefore,
you must serve one  full year before you may be eligible to receive 54 days of Good Conduct
Time.

| Signature Staff Member | Date |
|---|---|
| RO | 7-20-04 |

Record Copy - File; Copy - Inmate
(This form may be replicated via WP)

This form replaces BP-148.070 dated Oct 86
and BP-S148.070 APR 94



U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: KELLY    MARY T.        02476-049        8H        DANBURY FC
  LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A– INMATE REQUEST**

Referencing White v Scabana, Case # 03-C-581-C, 23/4/2004 Habeas Corpus under 28 U.S.C § 2241 is granted. GCT to be recalculated on the basis of each year of sentence rather than on time actually served. This event concluded that the bureau did not have authority to promulgate a regulation that uses "time served" as the basis for the calculation. My GCT calculated to be 160 days should be 185+1 leap year day. Mary Kelly 15/6/2004

Resubmitted: 2/6/2004        SIGNATURE OF REQUESTER

**Part B– RESPONSE**

RECEIVED
JUN 24 2004

RECEIVED
JUN 21 2004

See attached

  DATE        WARDEN OR ~~REGIONAL DIRECTOR~~

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

 ORIGINAL: RETURN TO INMATE        CASE NUMBER: 338643-F1

        CASE NUMBER: _____

 Part C– RECEIPT

Return to: _____
  LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

 SUBJECT: _____

  DATE        RECIPIENT'S SIGNATURE (STAFF MEMBER)        BP–229(13)
                            APRIL 1982
USP LVN        Printed on Recycled Paper

ADMINISTRATIVE REMEDY RESPONSE
KELLY, Mary
Register Number 02476-049

PART B - RESPONSE (338643-F2)

This is in response to your administrative remedy in which you claim you are not satisfied with
the Bureau of Prisons application of Good Conduct Time to your federal sentence based upon
"time actually served" and not the "term of imprisonment". Also, you do not agree with the
Ninth Circuit Court of Appeals deference to the Bureau of Prisons interpretation of the statute,
and that you should be serving 85% of your sentence rather than 87.2%.

In accordance with Program Statement 5880.28, Sentence Computation Manual CCCA, 54 days
of Good Conduct Time (GCT) may be earned for each full year served on a sentence in excess of
one year.  GCT is then prorated for any remaining portion of a year. This policy  interprets and
applies the statutory requirements set forth in Title 18, United States Code 3624(b). Therefore,
you must serve one full year before you are eligible to receive 54 days of Good Conduct Time.

There is nothing in policy, or in the statute, that refers to a percentage of time served on a
sentence.

Based on the above information, your Request for Administrative Remedy is denied.

If you are dissatisfied with this response, you may appeal to the Regional Director at Bureau of
Prisons, Northeast Regional Office, U.S. Customs House, 7th Floor, 2nd and Chestnut Streets,
Philadelphia, Pennsylvania, 19106.  Your appeal must be received by the Regional Office within
20 calendar days of the date of this response.

_____                    6/29/04
Kuma J. Deboo, Warden                          Date

BP-4 worded (Aug 18th)

**U.S. Department of Justice**                                    **Regional Administrative Remedy Appeal**

Federal Bureau of Prisons

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-DIR-9 including any attachments must be submitted with this appeal.

From: __KELLY   MARY  T.__     __D2476-049__     __8H__     __Danbury FCI__
        LAST NAME, FIRST, MIDDLE INITIAL.          REG. NO.          UNIT          INSTITUTION

**Part A—REASON FOR APPEAL**

Congress stated in 18 U.S.C. § 3624(b) that federal prisoners serving more than 1 year "term of imprisonment" are to receive credit "beyond the time served" of up to 54 days at the end of each year of the term of imprisonment. Term of imprisonment is uniformly understood to mean sentence imposed in the Judgment and Commitment Order. The BOP made a fundamental error in applying the statute by substituting "year served" for "term of imprisonment". The BOP resorted and continues to resort to a circular series of mathematical computations which are complicated. As a result of BOP interpretation my sentence is extended 26 days beyond what it should be.

__July 17th 2004__                                    __Mary Teresa Kelly__
        DATE                                            SIGNATURE OF REQUESTER

**Part B—RESPONSE**

---

_____                    _____
         DATE                                         REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE                    CASE NUMBER: __338643R__

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**Part C—RECEIPT**

                                              CASE NUMBER: _____

Return to: _____
              LAST NAME, FIRST, MIDDLE INITIAL.      REG. NO.      UNIT      INSTITUTION

SUBJECT: _____

BP-230(13)

KELLY, Mary
Reg. No. 02476-049
Appeal No. 338643-R1
Page One

---

## PART B - RESPONSE

In your appeal, you state your good conduct time (GCT) is being calculated incorrectly. You believe § 3624(b) allows you to earn 54 days of GCT per year of your sentence as imposed. As relief, you request recalculation of your GCT.

A review of your appeal has revealed that you are serving a sentence of 41 months imposed on December 14, 2001, for offenses you committed on November 16, 1999. The version of § 3624(b) authorizing the Bureau to award GCT in your case provided the following: "...[A] prisoner who is serving a term of imprisonment of more than one year other than [life], may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations.... credit for the last year or portion of a year of the term of imprisonment shall be prorated...." The interpretation of § 3624(b) by the Bureau in Program Statement 5880.28, Sentence Computation Manual CCCA, Pages 1-40 and 1-41 mirrors the statute: and states: "54 days of GCT may be earned for each full year served on a sentence in excess of one year, with the GCT being prorated for the last partial year." The statute requires credit after the actual service of a year. The Bureau reasonably interpreted this part of the statute to require properly awarded 54 days GCT be subtracted from the remainder of the sentence, not from the year already served. If the Bureau computed GCT in the manner you request as relief, then the Bureau would violate the statutory mandate that the GCT be awarded at the end of each year of imprisonment. The institution correctly determined your eligibility for GCT. Accordingly, your appeal is denied.

If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons. Your appeal must be received in the Administrative Remedy Section, Office of General Counsel, Federal Bureau of Prisons, 320 First Street, N.W., Washington, D.C. 20534, within 30 calendar days of the date of this response.

Date: August 9, 2004

D. SCOTT DODRILL
Regional Director

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal**

---

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: **Kelly, Mary Teresa**                    **02476-049**          **8H**          **Danbury FCI**
          LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

**Part A—REASON FOR APPEAL**

Per your appeal response #338643-RI the BOP is in violation of the statutory mandate that the GCT be awarded at the end of each year of imprisonment based on sentence imposed. In fact this is exactly what the BOP is doing – awarding GCT at the end of each year of imprisonment. Congress plainly states in 18 U.S.C. §3624(b) that federal prisoners serving more than one year "term of imprisonment" are to receive credit "beyond the time served" of up to 54 days.. "Term of imprisonment" is uniformly understood to mean the sentence imposed in the Judgement and Commitment Order. Thus, a 366 day term of imprisonment, minus 54 days GCT, equals 312 days incarceration. Despite this clear language I have only been projected to receive 160 GCT days. The statute itself refers not to "time served" but to "term of imprisonment" as the basis for calculating good time credits. The BOP's policy of allowing GCT for only the time actually "served" is contrary to the statutes plain meaning.

_Aug 17th, 2004_                                        _Mary Kelly_
          DATE                                                    SIGNATURE OF REQUESTER

**Part B—RESPONSE**

---

          DATE                                                    GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE                          CASE NUMBER: _338643-A_

**Part C—RECEIPT**

CASE NUMBER: _____

Return to: _____
                    LAST NAME, FIRST, MIDDLE INITIAL          REG. NO.          UNIT          INSTITUTION

SUBJECT: _____

          DATE                                        SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

USP LVN                    PRINTED ON RECYCLED PAPER                                        BP-231(13)
                                                                                          APRIL 1982

You contend the Bureau of Prisons has incorrectly calculated the amount of Good Conduct Time you may earn during your term of imprisonment.

You are serving a sentence of 41 months imposed on December 14, 2001, for an offense committed on November 16, 1999.  The version of § 3624(b) authorizing the Bureau to award GCT in your case provided the following.  "A prisoner who is serving a term of imprisonment of more than one year, other than [life], shall receive credit toward the service of his sentence, beyond the time served, of fifty-four days at the end of each year of his term of imprisonment, beginning at the end of the first year of the term, unless the Bureau of Prisons determines that, during that year, he has not satisfactorily complied with . . . institutional regulations . . . Credit for the last year or portion of a year of the term of imprisonment shall be prorated . . ."  The interpretation of § 3624(b) by the Bureau is contained in 28 CFR § 523.20, which provides that "an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served.  This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year."  The method of calculation is set forth in Program Statement 5880.28, Sentence Computation Manual CCCA, pgs. 1-40 and 1-41: "54 days of GCT may be earned for each full year served on a sentence in excess of one year, with the GCT being prorated for the last partial year."  BOP interprets the statute to require deduction of the time served (one year) and good conduct time earned (up to 54 days) off your sentence at the end of the actual service of each year.  As each year of actual service ends, another deduction is made for the time served and good conduct time earned for the year.  Good conduct time is awarded proportionally based on actual time served in the last partial year.  The Bureau has reasonably interpreted this statute to require properly awarded good conduct time to be subtracted from the remainder of the sentence, not from the year already served. If the Bureau computed GCT in the manner you request as relief, then it would violate the statutory mandate that the GCT be awarded at the end of each year of the prisoner's term of imprisonment.  The institution properly computed your sentence and correctly applied BOP's method for awarding good conduct time.

Your appeal is denied.

_____
Date

September 2, 2004

_____
Harrell Watts, Administrator
National Inmate Appeals

```
   DANTQ  540*23 *            SENTENCE MONITORING         *     06-09-2004
PAGE 002          *           COMPUTATION DATA            *     20:16:53
                              AS OF 06-09-2004
```

REGNO..: 02476-049 NAME: KELLY, MARY TERESA


------------------------CURRENT COMPUTATION NO: 010 -------------------------

COMPUTATION 010 WAS LAST UPDATED ON 12-27-2002 AT DAN AUTOMATICALLY

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

```
DATE COMPUTATION BEGAN..........: 12-14-2001
TOTAL TERM IN EFFECT............:    41 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     3 YEARS      5 MONTHS
EARLIEST DATE OF OFFENSE........: 11-16-1999

JAIL CREDIT.....................:    FROM DATE      THRU DATE
                                     02-18-2000     02-18-2000
                                     10-12-2001     12-13-2001

TOTAL PRIOR CREDIT TIME.........: 64
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 160
TOTAL GCT EARNED................: 108
STATUTORY RELEASE DATE PROJECTED: 10-01-2004
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 03-10-2005


PROJECTED SATISFACTION DATE.....: 10-01-2004
PROJECTED SATISFACTION METHOD...: GCT REL
```

REMARKS.......: ARRESTED ON 2-18-00 AND RELEASED ON BOND THE SAME DAY.  BACK
               IN CUSTODY ON 10-12-01 AND HELD IN CONTINUOUS CUSTODY.


G0002        MORE PAGES TO FOLLOW . . .

```
   DANTQ  540*23 *              SENTENCE MONITORING           *    06-09-2004
   PAGE 001         *           COMPUTATION DATA              *    20:16:53
                                AS OF 06-09-2004
```

REGNO..: 02476-049 NAME: KELLY, MARY TERESA


```
FBI NO............: 34046PA6        DATE OF BIRTH: 11-29-1952
ARS1..............: DAN/A-DES
UNIT..............: E               QUARTERS.....: H01-003L
DETAINERS.........: YES             NOTIFICATIONS: NO
```

PRE-RELEASE PREPARATION DATE: 06-16-2004

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE:  10-01-2004 VIA GCT REL

---------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

```
COURT OF JURISDICTION...........: NEW HAMPSHIRE
DOCKET NUMBER...................: CR. 99-138-01-B
JUDGE..........................: BARBADORO
DATE SENTENCED/PROBATION IMPOSED: 12-14-2001
DATE COMMITTED.................: 01-04-2002
HOW COMMITTED..................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED..............: NO
```

```
                 FELONY ASSESS  MISDMNR ASSESS  FINES           COSTS
NON-COMMITTED.:  $100.00        $00.00          $00.00          $00.00
```

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT:  $00.00

-------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:  171
OFF/CHG: 8:1326 ILLEGAL RE-ENTRY AFTER DEPORTATION

```
SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:    51 MONTHS
TERM OF SUPERVISION............:     2 YEARS
NEW SENTENCE IMPOSED...........:    41 MONTHS
BASIS FOR CHANGE...............: COURT ORDER MODIFYING SENTENCE
DATE OF OFFENSE................: 11-16-1999
```

G0002      MORE PAGES TO FOLLOW . . .

U.S. DEPARTMENT OF JUSTICE
Federal Bureau of Prisons

REQUEST FOR ADMINISTRATIVE REMEDY

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: **KELLY    MARY T.**        **02476-049**        **8H**        **DANBURY FC**
LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

**Part A- INMATE REQUEST**

Referencing White v Scabana, Case # 03-C-581-C, 23/4/2004
Habeas Corpus under 28 U.S.C § 2241 is granted. GCT to be
recalculated on the basis of each year of sentence rather
than on time actually served. This event concluded
that the bureau did not have authority to promulgate
a regulation that uses "time served" as the basis
for the calculation. My GCT calculated to be 160 days
should be 185 +1 leap year day.    Mary Kelly  15/6/2004

Resubmitted 24/6/2004                    DATE        SIGNATURE OF REQUESTER

**Part B- RESPONSE**

RECEIVED
JUN 24 2004

RECEIVED
JUN 21 2004

See attached

_____        _____
DATE                                    WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

ORIGINAL: RETURN TO INMATE        CASE NUMBER: **338643-F1**

                                  CASE NUMBER: _____

**Part C- RECEIPT**

Return to: _____
           LAST NAME, FIRST, MIDDLE INITIAL        REG. NO.        UNIT        INSTITUTION

SUBJECT: _____

_____        _____
DATE                                    RECIPIENT'S SIGNATURE (STAFF MEMBER)

USP LVN        Printed on Recycled Paper        BP-229(13)
                                                APRIL 1982